## SUPREME COURT.

1. CORNELIUS HONLAHAN, JR., respondent agt. THE SACK-ETT'S HARBOR & SARATOGA RAILROAD COMPANY, appellants.

2. JAMES DRISCOLL agt. THE SAME.

3. CORNELIUS HONLAHAN, SEN. agt. THE SAME.

4. JOHN HORAN agt. THE SAME.

5. MICHAEL McMAHON agt. THE SAME.

Where the same *defendants* in several causes, sued by different plaintiffs claiming for labor and team-work done on defendants' railroad for sub-contractors, entered into a written stipulation in all of the causes, providing that all proceedings should be stayed in the above entitled causes, and that they should " abide the result of the final judgment rendered in the case of John Driscoll agt. The Sackett's Harbor & Saratoga R. R. Co., (defendants in these causes,) in which verdict is to be taken on written stipulation as to facts, subject to the opinion of the general term,"

*Held,* that the plaintiff in the John Driscoll case having subsequently obtained final judgment against the defendants, the plaintiffs in each of these cases were, on a reference for that purpose, *simply to prove the amount of their damages,* respectively, allowing the defendants to controvert their proof on that *single point only.*

If a party asks to have particular items considered in a court of review, and a report set aside for their allowance or disallowance, it is not demanding of him too much to require, that he shall,

1st. Bring the attention of the referee specifically to them.

2d. Make it manifest what disposition the referee has in fact made of them, by obtaining from him a specific report on that subject. And

3d. Except specifically to the report in those particulars.

*Albany General Term, May,* 1858.

WRIGHT, GOULD and HOGEBOOM, *Justices.*

THESE were appeals from judgments entered upon the report of a sole referee. The actions were brought to recover for labor and team-work performed by the plaintiffs, and in some cases by the plaintiffs' assignors, on the defendants' railroad, for sub-contractors. There was another action, brought by John Driscoll against the same defendants, in which certain leading facts were admitted, to wit: the incorporation of the defendants; the name of the contractor and sub-contractors upon the road, and that they had contracts and sub-contracts upon the same, and that the plaintiff was employed upon said road by one of the sub-contractors; that he performed work and labor upon said road, as stated in his complaint, and gave notice of indebtedness as therein stated.

On the same day of the date of the above stipulation, another stipulation was made in all of the above entitled actions, providing that all proceedings should be stayed in the above entitled causes, and that they should " abide the result of the final judgment rendered in the case of *John Driscoll* agt. *The Sackett's Harbor & Saratoga Railroad Company*, in which verdict is to be taken, on written stipulation as to facts, subject to the opinion of the general term."

The plaintiff in the John Driscoll case having subsequently obtained final judgment, the plaintiffs in the above entitled cases entered judgment in their favor on the above stipulation, for the amount claimed in the complaints respectively, which judgments, on motion, were set aside at special term, and orders made referring said causes to a referee " to hear, determine and assess amount of damages in each of said causes, and report thereon with all convenient speed." The referee reported in all of the causes for the plaintiffs, and exceptions were taken to his report by the defendants. The plaintiffs having perfected judgment, the defendants brought appeals to the general term. The remaining facts are sufficiently stated in the opinion of the court.

Honlahan agt. Sackett's Harbor & Saratoga R. R. Company.

Geo. Van Santvoord, *for defendants.*
R. W. Peckham, *for plaintiffs.*

By the court, Hogeboom, Justice. The principal question presented on these appeals is, whether the plaintiffs, on the hearing before the referee, were obliged to establish their whole case, with the single exception of the legal question as to the liability of the defendants for work done for sub-contractors, which had been decided in a parallel case by the court of appeals, and in the John Driscoll case by the general term of this court ; or whether the plaintiff was simply to prove the amount of his damages, allowing the defendants to controvert his proof on that single point. The former is the true rule, as claimed by the defendants' counsel, and the latter as claimed by the counsel for the plaintiff. Under the stipulations of the parties, we have no hesitation as to the rule which governs these cases. No question is open to the defendants, except the assessment of damages. They have precluded themselves, by their stipulation, from examining into any other part of the case. Effect must be given to every part of their stipulation. If they had merely intended to have the legal question of their liability for the acts of sub-contractors settled in one case for all others, it was easy so to have expressed themselves, and it would have been sufficient to have provided simply for a stay of proceedings in all the cases, until the pioneer case was disposed of. But they did not do so. They expressly agreed that the other cases should abide the result of the final judgment in that case, and thereby, I think, as a necessary consequence, bargained that the result—the final judgment—of that case, should govern the final judgment in the others. The subsequent order at special term, setting aside the judgments entered, without any assessment of damages, in the above causes, did not alter the case. The fair construction of that order is, in our judgment, to submit to the referee the simple question

of damages; but if otherwise, he was, nevertheless, to hear and determine the cases, giving full effect to the stipulations of the parties. The result would be the same. The defendants had confessed their liability, provided they were ever liable in the case of sub-contractors. That question being decided against them, nothing remained for the plaintiffs, except to show the amount and value of the labor actually performed. The defendants might, perhaps, limit the recovery by counter evidence on this subject, by proof of payment, and by showing a notice on the plaintiff's part, restricting the claim to a less sum, Beyond this, I think, they could not go. All the questions, therefore, raised before the referee, in regard to the service of the notice; the person on whom the same was served; the time of service; the question whether the claim or notice of claim was for an original or an assigned demand, or a demand split up into several parts; and whether the suits were brought within thirty days after the service of the notices, were inquiries into which the defendants had, by their own acts, foreclosed themselves from entering. It is unnecessary more particularly to examine the action of the referee in regard to them.

The defendants claim that in James Driscoll's and in Cornelius Honlahan, senr.'s cases, the report is excessive in not allowing a deduction of $11 per month for board; but on recurring to the report of the referee, it appears that in point of fact such deduction was made.

The defendants further claim, that in John Horan's case the referee should have allowed only $59.60, instead of $85.94, as he has done. But to say nothing of the fact, that it does not appear that the referee's attention was drawn to this precise question, and that the exception to his report is not very specific on this point, it is sufficient to say, that this was a question of fact decided by him upon sufficient evidence; that he has in fact made a deduction of $31.61 from the plaintiff's claim; and that it does not

clearly appear that the deduction should have been more. The defendants further claim several errors on the part of the referee, in McMahon's case, in not making sufficient deductions from the plaintiff's account; among the rest, an item of $50, sworn to by McMahon himself. But if we take McMahon's testimony, he was entitled to more than the referee allowed him, after making the deduction of $50. As to the other smaller items, it is enough to say, that it is not clear that the referee did not deduct them, nor that he was not entitled, upon the evidence, to disregard them. If a party asks to have particular items considered in a court of review, and a report set aside for their allowance or disallowance, it is not demanding of him too much to require that he shall in the first place bring the attention of the referee specifically to them; in the second place, make it manifest what disposition the referee has in fact made of them, by obtaining from him a specific report on that subject; and in the third place, except specifically to the report in those particulars. None of these things have the defendants done.

The judgments in all the cases must be affirmed.

WRIGHT, P. J., concurred. GOULD, J., dissented.